IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

VANESSA GRAY, AS MOTHER OF BRIANA ARFORD,
DECEASED, AND AS GUARDIAN FOR AUSTIN ARFORD,
A MINOR, AND AS THE SPECIAL ADMINISTRATOR OF
THE ESTATE OF BRIANA ARFORD, DECEASED                    PLAINTIFF

v.                          No. 3:11-cv-00091 KGB

BNSF RAILWAY COMPANY,
DEWAYNE A. GRAVES, RANDY E BUCKNER,
HOSIE GLADNEY, and KIM WILLIAMS                          DEFENDANTS


## OPINION AND ORDER

This action arises from a collision between a car driven by Briana Alford and a train

operated by BNSF Railway Company ("BNSF") at a railroad crossing in Lawrence County,

Arkansas. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Before the Court is BNSF's

motion for partial summary judgment, which seeks dismissal of plaintiff Vanessa Gray's claims

regarding the adequacy of the warning devices at the crossing and excessive train speed[1] (Dkt.

No. 14). Ms. Gray does not oppose the motion, other than to state that summary judgment is not

warranted because she agreed to dismiss the claims that are the subject of the motion. To date,

however, she has not moved to dismiss these claims. For the reasons that follow, BNSF's

motion for summary judgment is granted.

### I.  Factual Background

The collision occurred on April 1, 2007 at railroad crossing DOT #668056S.  DOT

#668056S is equipped with crossbucks and posts installed by the Arkansas Highway and

---

[1] In her response to BNSF's motion, Ms. Gray asks the Court to deny summary judgment on her claim that the train horn was not blown prior to impact. BNSF has not moved for summary judgment on this claim.

Transportation Department ("AHTD") as part of Job 1515, a statewide project commissioned by the AHTD in 1979 to upgrade the warning devices on what was then the St. Louis San Francisco Railway Company's line.  DOT #668056S is listed on the Plan for Job 1515 as crossing No. 47. After completing a final inspection of Job 1515, the Federal Highway Administration ("FHWA") issued Vouchers 81 092 and 82 071 to the State of Arkansas to pay for the warning devices the AHTD had installed as part of Job 1515.  The Commission Plan Sheets indicate that DOT #668056S received two posts and two crossbuck signs at mile post 405.86.  The crossbucks and posts were in place and operating at the time of the accident.  The track at the crossing is designated as Class IV.  The maximum speed on Class IV track is 60 miles per hour.  BNSF's lead locomotive was traveling 53 miles per hour when it entered the crossing.

Ms. Gray asserts several negligence claims concerning the adequacy of the warning devices at the crossing.  She also alleges that the BNSF train was traveling at an excessive rate of speed.  Ms. Gray asserted the same claims against BNSF in a previous action.[2]  By order dated September 14, 2010, Judge Susan Webber Wright dismissed Ms. Gray's claims of inadequate warning devices and excessive train speed with prejudice.  Ms. Gray was allowed to dismiss voluntarily her remaining claims.  Ms. Gray filed her present complaint in the Circuit Court of Lawrence County, Arkansas on April 25, 2011, and BNSF removed it to this Court on May 23, 2011.

BNSF asserts that Ms. Gray's claims of inadequate warning devices and excessive speed are barred by *res judicata*.  It also contends, as it did in the previous action, that the inadequate warning devices and excessive speed claims are preempted by federal law.

---

[2] *Gray v. Burlington Northern Santa Fe Railway Co.*, No. 3:09-cv-00010 SWW (E.D. Ark. Sep. 14, 2010).

## II.      Summary Judgment Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to establish by "specific facts" that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An issue of fact is material only if it could affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## III.     Res Judicata

BNSF asserts that Ms. Gray's inadequate warning devices and excessive speed claims are barred by *res judicata*. Because Ms. Gray's prior action was decided by an Arkansas federal court sitting in diversity, the Court applies Arkansas preclusion law as a matter of federal common law. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001). In Arkansas, the doctrine of *res judicata* has two facets: claim preclusion and issue preclusion. *John Cheeseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 635, 855 S.W.2d 941, 943 (1993). Claim preclusion bars relitigation of a subsequent suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Jayel Corp. v. Cochran*, 366 Ark. 175, 178, 234 S.W.3d 278, 281 (2006). Issue preclusion bars relitigation of matters that were actually litigated and determined by a valid and final judgment in a prior suit, provided the determination

3

was essential to the judgment.  *Craven v. Fulton Sanitation Service, Inc.*, 361 Ark. 390, 394, 206 S.W.3d 842, 844 (2005).

Neither claim preclusion nor issue preclusion bars Ms. Gray's inadequate warning and excessive speed claims.  Under Arkansas law, an order that adjudicates fewer than all of the claims and all of the parties is not final for purposes of *res judicata*.  *Shaw v. Destiny Industries, Inc.*, 78 Ark. App. 8, 13-14, 76 S.W.3d 905, 908-09 (2002).  While the partial summary judgment in the previous action dismissed Ms. Gray's allegations of inadequate warning devices and excessive train speed, it did not adjudicate all of her claims.  "Such an order cannot serve as the basis for applying either the issue-preclusion or the claim-preclusion facet of the doctrine of res judicata."  *Id.*

### IV.    Federal Preemption

As it did in the previous action, BNSF asserts that Ms. Gray's inadequate warning devices and excessive speed claims are preempted by federal law.  The Federal Railroad Safety Act ("FRSA") authorizes the Secretary of Transportation to adopt uniform standards for railroad safety and preempts state regulation of the same subject matter.  It provides in pertinent part:

> A State may adopt or continue in force a law, regulation, or order related to railroad safety . . . until the Secretary of Transportation . . . prescribes a regulation or issues an order covering the subject matter of the State requirement.

49 U.S.C. § 20106(a)(2).  "Legal duties imposed on railroads by the common law fall within the scope" of the FRSA's preemption clause.  *CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 663 (1993).

### A.    Inadequate Warning Devices Claim

Ms. Gray alleges that BNSF was negligent in failing to install a stop sign at the crossing, in failing to place white stopping stripes on the pavement in front of the crossing, and in failing

to upgrade the warning devices at the crossing.  She also claims that the crossing was extra hazardous.  23 C.F.R. § 646.214(b)(3)-(4) governs the adequacy of warning devices installed with federal funds.  *Norfolk Southern Ry. Co. v. Shanklin*, 529 U.S. 344, 352-53 (2000).  Once it is established that federal funds were used to install the warning devices at a particular crossing, state tort law claims concerning the adequacy of those devices, including claims that the crossing was extra hazardous or abnormally dangerous or that different warning devices should have been installed, are preempted irrespective of whether the warning devices complied with the regulations.  *Grade v. BNSF Ry. Co.*, 676 F.3d 680, 684 (8th Cir. 2012) (additional warning devices); *Bock v. St. Louis Southwestern Ry. Co.*, 181 F.3d 920, 924 (8th Cir. 1999) (abnormally dangerous crossing).  As the Supreme Court explained in *Shanklin*, it is the use of federal funds in the installation of a warning device rather than the compliance with federal regulations that triggers preemption.  *Grade*, 676 F.3d at 684.

BNSF has demonstrated that the warning devices at the crossing were installed by the AHTD with funds provided by the FHWA.  Ms. Gray has not submitted any evidence to the contrary.  Therefore, BNSF is entitled to summary judgment on Ms. Gray's claims concerning the adequacy of the warning devices.

### B.    Excessive Speed Claim

Ms. Gray alleges that the BNSF train was operating "at a high rate of speed excessive for conditions existing there and then."  49 C.F.R. § 213.9(a), which contains maximum allowable speeds for particular classes of track, "cover[s] the subject matter of train speed with respect to track conditions, including the conditions posed by grade crossings."  *Easterwood*, 507 U.S. at 675.  BNSF has submitted uncontroverted evidence that its train was traveling 53 miles per hour, seven miles per hour less than the speed limit established by 49 C.F.R. § 213.9(a), when the

collision occurred.  Therefore, BNSF is entitled to summary judgment on Ms. Gray's excessive speed claim.  *See, e.g.*, *Dallari v. Southern Pac. R.R.*, 923 F. Supp. 1139 (E.D. Ark. 1996) (granting summary judgment on excessive speed claim where plaintiff failed to come forward with any evidence to contradict railroad's proof that train was operating less than the applicable speed limit immediately before the accident); *Cartwright v. Burlington Northern R.R. Co.*, 908 F. Supp. 662 (E.D. Ark. 1995) (same).

V.      **Conclusion**

Based on the uncontroverted proof that Ms. Gray's negligence claims relating to the adequacy of the warning devices at the crossing and excessive train speed are preempted by federal law, those claims are dismissed with prejudice.

SO ORDERED this  5  day of October, 2012.

_____
Kristine G. Baker
United States District Judge